IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


CHARLES E. "TUBBY" WILSON                              PETITIONER


vs.                    Civil Case No. 5:05CV00268 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eight (8) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Charles E. (Tubby) Wilson, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner appeared for trial on October 11, 2000.  The jury panel saw him in jail clothing and the trial court declared a mistrial.  The following year, he was tried and convicted by a jury on November 14, 2001, of manufacturing methamphetamine, possession of methamphetamine with intent to deliver and possession of drug paraphernalia with intent to

2

manufacture methamphetamine, and he received an aggregate sentence of forty years imprisonment.  He appealed, raising the following grounds:

> 1.   There is no substantial evidence to support the conviction of manufacture of methamphetamine;
>
> 2.  Mistrial in this case was wrongfully ordered in that the trial had not begun when the mistrial was granted; nor did Appellant, who was acting pro se, ask for the same;
>
> 3.   As a result of the earlier mistrial being granted, Appellant was brought to trial outside the bounds of the time frame specified by Arkansas Rules of Criminal Procedure 28.1 to 28.3;
>
> 4.   Even if the original mistrial was granted on Appellant's motion, actions of the minions of the State forced the necessity of the mistrial and therefore the subsequent untimely trial should be laid to the charge of the State and
>
> 5.   The Drug Task Force officers engaged in a warrantless pretextual search of Appellant's home and the evidence obtained from it should have been suppressed.

Respondent's Exhibit B.  The Arkansas Court of Appeals affirmed his convictions on May 7, 2003, Wilson v. State, 2003 WL 21019601 (Ark.App. May 7, 2003)(Respondent's Exhibit C).   He filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, and the trial court denied relief on September 17, 2003 (Respondent's Exhibits E and F).  He appealed, raising the following grounds:

> 1.   There is no substantial evidence to support the conviction of manufacture of methamphetamine;
>
> 2.  Mistrial in this case was wrongfully ordered in that the trial had not begun when the mistrial was granted;

nor did Appellant, who was acting pro se, ask for the same;

3.   As a result of the earlier mistrial being granted, Appellant was brought to trial outside the bounds of the time frame specified by Arkansas Rules of Criminal Procedure 28.1 to 28.3;

4.   Actions of the minions of the State forced the necessity of the mistrial and therefore the subsequent untimely trial should be laid to the charge of the State and

5.   He was subjected to double jeopardy and deprived of the effective assistance of counsel;

6.   He received an illegal sentence and ineffective assistance of counsel and

7.   He was subjected to double jeopardy, collateral estoppel and ineffective assistance of counsel.

Respondent's Exhibit G.   The Arkansas Supreme Court affirmed on April 14, 2005, Wilson v. State, 2005 WL 852683 (Ark. April 14, 2005)(Respondent's Exhibit H).

In the present proceeding, Petitioner raises the following grounds for relief:

1.   There was no substantial evidence to support the conviction of manufacture of methamphetamine;

2.   Mistrial in this case was wrongfully ordered in that the trial had not begun when the mistrial was granted, and Petitioner, who was proceeding pro se, did not ask for a mistrial;

3.   As a result of the mistrial, Petitioner was brought to trial outside the bounds of the time frame specified by the rules of criminal procedure;

4.   Actions of the minions of the State forced the necessity of the mistrial and therefore the subsequent untimely trial should be laid to the charge of the State;

5.  The Drug Task Force officers engaged in a warrantless pretextual search of Petitioner's home and the evidence obtained from it should have been suppressed;

6.  He was subjected to double jeopardy and deprived of the effective assistance of counsel;

7.  He received an illegal sentence and ineffective assistance of counsel and

8.  He was subjected to double jeopardy and deprived of the effective assistance of counsel.

Respondent admits Petitioner is in his custody pursuant to these convictions and that he does not have any non-futile state remedies available to him, but he contends the petition should be dismissed.


I.

The Arkansas Court of Appeals on direct appeal refused to address the sufficiency of the evidence claim in ground one and the mistrial claims in grounds two, three and four because Petitioner did not preserve them in the trial court. Wilson v. State, 2003 WL 21019601 at 4. Although Petitioner raised the claims in his Rule 37 appeal, along with related ineffective assistance of counsel claims, the Arkansas Supreme Court only addressed the ineffective assistance of counsel aspect of the claims. Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, federal habeas review is barred unless the petitioner establishes cause for the default and resulting prejudice, or that the failure to address the

claim will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-31, 749-50 (1991).

In order to establish cause, a petitioner must show "some objective factor external to the defense impeded counsel's efforts to comply with a State's procedural rule," such as "a showing that the factual or legal basis for the claim was not reasonably available," or that "interference by officials made compliance impracticable." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Cause may also be established by showing the procedural default was the result of ineffective assistance of counsel, <u>id</u>., if that claim has been properly presented to the state court, or the petition can establish sufficient cause and prejudice for his failure to do so. <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000).

In his Rule 37 appeal, Petitioner asserted counsel was ineffective for failing to preserve the sufficiency of the evidence argument, and for allowing the mistrial and the resulting delay in his trial. The Arkansas Supreme Court found Petitioner failed to establish he was prejudiced by counsel's failure to preserve the sufficiency of the evidence argument because there was ample evidence to convict him of manufacturing methamphetamine. <u>Wilson v. State</u>, 2005 WL 852683 at 2-3. Given this finding, even if I were to find counsel was ineffective for failing to preserve the issue, Petitioner would not overcome the procedural bar, because he cannot establish he was prejudiced. Thus, I find ground one is

procedurally barred.  Further, even though Petitioner asserts he is innocent of the charge of manufacturing methamphetamine, he has not asserted the existence of "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Thus, he has not established he is entitled to the gateway exception to the procedural default doctrine, and this court may not consider ground one.


## II.

The mistrial issues in ground two, three and four are inextricably intertwined with the question of ineffective assistance of counsel.  The Arkansas Court of Appeals and the Arkansas Supreme Court both set forth the colloquy between the parties that occurred on the day the mistrial was granted.  The following is taken from the Arkansas Supreme Court's decision denying post-conviction relief:

> Most of appellant's remaining claims pertain to the granting of a mistrial following his appearance before the jury in a prison shirt which read "Pope County Jail." Appellant also makes related claims regarding the alleged violation of his right to a speedy trial. For an understanding of the events resulting in the mistrial, we have included the following colloquy, as abstracted by appellant for his direct appeal, which took place between the court, the State (Mr. Gibbons), defense counsel (Mr.

7

Kirk), and appellant concerning appellant's request to represent himself:

> THE COURT: Mr. Wilson, is Mr. Kirk representing you or assisting you?
> DEFENDANT: I have no idea. I hired him as an attorney to get me a bond reduction hearing on a different charge. I wasn't made aware of this charge until I hired him to get me a bond reduction and he come over to the courthouse here about a week ago or something like that and he discovered that there's a charge of manufacturing a controlled substance pending against me.
> THE COURT: Well, we've had a motion to suppress on this charge, haven't we?
> GIBBONS: Yes, sir.
> DEFENDANT: I retained him after he come over here for my bond reduction.
> THE COURT: How long had the motion to suppress been filed?
> KIRK: Mr. Finley filed it a few days earlier.
> THE COURT: Was Mr. Finley representing you previously?
> DEFENDANT: Yes, sir, he was, for the theft of Victor Wolfe's trailer, which has since been dropped.
> GIBBONS: Your Honor, he was also representing him on this case here.
> THE COURT: That's what I was thinking that Mr. Finley represented you on this and filed a motion to suppress evidence and then Mr. Finley got out or ya'll fired him and hired Mr. Kirk.
> DEFENDANT: I never knew anything about these charges. I never hired Mr. Finley for this manufacturing charge. Like I said, I really wasn't aware of this charge until about two weeks ago.
> THE COURT: Is Mr. Kirk going to be in this with you?
> DEFENDANT: I haven't retained him for this; and I'm sure he don't want to work for nothing.
> THE COURT: Well, someone retained him because he's here and ready to go to trial this morning. Have you ever tried a case yourself?
> DEFENDANT: No, sir.

8

(A discussion follows of voir dire and challenges. ....
Defendant is not aware of the ins and outs of procedure.)

> DEFENDANT: I feel that I'm at a severe
> disadvantage now because Mr. Kirk knows
> nothing of my case.
> THE COURT: He's indicated to the Court that
> he's ready to go and prepared.
> DEFENDANT: It's not his life that's on the
> line, Your Honor. It's mine.

(Discussion ensues of the problems of
self-representation. .... Prosecutors note that the
charges may be enhanced by the habitual offender
statute.)

> KIRK: Are you saying you want to represent
> yourself?
>
> DEFENDANT: Yes, I am.
> THE COURT: Completely or have Mr. Kirk there
> to help you maybe on some of these procedural
> things?
> DEFENDANT: Yes, I would like to have help on
> the procedural things. I want to take every
> precaution to protect myself and preserve the
> right to appeal.
> THE COURT: Well, you're going to get that
> whether you represent yourself or with a
> lawyer; but I just think you're making a big
> mistake. ....

(Court explains the possible problems.)

> DEFENDANT: Yes, sir, I understand. I
> appreciate the concern but I feel that I know
> and need to bring some issues or to protect
> some issues or whatever because I was there
> and I know what happened and what went on and
> what took place.... I still feel that I need
> to protect myself-can protect myself better
> than someone and I know he has a lot more
> experience and he's a lot more educated. But I
> know there was never no methamphetamine
> manufactured there. I know I've never
> manufactured any.
> THE COURT: Why don't we do this? You know, I
> think you're making a mistake trying to play

lawyer in this thing. I don't think you're capable of doing it completely by yourself. Now I do think Mr. Kirk is versed in your case and I think probably what would be best is for him to assist you and be there to help you on the selection of a jury. Do you have any problem with doing it that way?

DEFENDANT: No, sir, I don't.

THE COURT: You're satisfied with that arrangement?

DEFENDANT: Yes, sir, I believe so.

THE COURT: Okay. Let's take up this other thing about his presence in this courtroom this morning.

KIRK: Your Honor, I think the jury would already be prejudiced against him.

THE COURT: I don't think there's any question about that and I didn't know he was sitting in the courtroom. The court clerk says the courtroom is basically full of the jury. There may be one or two out here in the hall, but they usually come into that courtroom by 9:00 because that's when we have roll call; and the Defendant has on a blaze orange prison apparel shirt and on the back of it in big black letter is Pope County Jail; and I assume if he was sitting at counsel table, the logo on the back of his shirt would be viewed by the jury.

KIRK: Five minutes is plenty of time.

THE COURT: Are you wanting to ask for a mistrial?

KIRK: Yeah, or for a continuance for another jury panel because of that exposure.

THE COURT: Well, I think the mistrial will probably be more appropriate. That gives the State up to a year to retry. I'm just afraid to go on.

KIRK: I would so move.

DEFENDANT: I did sit down to the table and then when I got up I walked from the table.

THE COURT: I had no idea the sheriff's office would put a prison shirt on you.

KIRK: When they said a shirt was coming from the jail, I had no idea it would be this one.

DEFENDANT: I asked them not to do that. They give me the wrong clothes and they give me a shirt that didn't fit. Mr. King sent after another shirt and the jail sent this over.

THE COURT: What does that do to us? The State has up to a year.

GIBBONS: Jim, did you bring this shirt over.

DEPUTY JIM DAVIS: Yes, sir.

THE COURT: There are a lot of cases on things that give the appearance that they are already a criminal and have been convicted. You should just stay away from that.

KIRK: I don't think there would be a speedy trial issue and it would probably be beneficial regarding other issues of Mr. Wilson regarding preparation and so forth.

GIBBONS: Your Honor, I would like it on the record that this mistrial wasn't forced by the State. It's being requested by the Defense. Is that right?

DEFENDANT: No, it wasn't forced by the Defense either.

GIBBONS: I understand that but I mean what I'm trying to say is-

KIRK: It was requested by the Defense because of the circumstances.

GIBBONS: Which did not have anything to do with the State.

THE COURT: In other words, the Prosecuting Attorney's office didn't tell them to put a prison garment on him.

DEFENDANT: Oh, no, sir.

KIRK: Like I said, we are not trying to get under the speedy trial rule. The mistrial is requested by the Defense.

THE COURT: I don't know what else to do. I hate to waste time but I'd be scared to go to trial with it; and I'll declare a mistrial on Defense's motion and the Court will reset it. (Emphasis added).

<u>Wilson</u>, slip op. at 3-6. The following are excerpts from the same colloquy that were not included in appellant's abstract in his Rule 37 proceedings: FN2

FN2. Appellant failed to abstract all of the testimony regarding his request to proceed pro se; however, the testimony appears in the trial record, and this court may go to the record to affirm. <u>See</u> <u>Ferguson</u>, supra.

THE COURT: In terms of what you're conveying
to the Court about wanting to represent
yourself, this is something you're doing with
a clear mind and conscience?
DEFENDANT: Yes, sir. I have given considerable
thought to this.
* * *
THE COURT: ... I'm going to show Mr. Kirk as
your lawyer and he's going to work with you on
this thing and whenever this gets reset
hopefully by that time you've given him all
the information you think he needs to have and
you'll let him try this case as an attorney
and keep you out of it as much as possible.
DEFENDANT: Maybe so. I appreciate you very
much, Your Honor.

Wilson v. State, 2005 WL 852683 at 3-5.  The court made the

following findings:

Appellant goes on to claim that counsel was ineffective
as a result of the mistrial being granted because
appellant was brought to trial outside of the
speedy-trial period pursuant to Ark. R.Crim. P.
28.1-28.3. The trial court denied relief, ruling that the
matter was not subject to postconviction relief. The only
issue we will address is the alleged ineffectiveness on
the part of counsel by speaking on appellant's behalf. As
for the other claims argued in appellant's brief
regarding the appropriateness of the mistrial and any
speedy-trial violation, such claims are not cognizable as
they should have been raised at trial or argued on
appeal.  See Camargo, supra.  Although appellant's
attempt at raising these issues on direct appeal was
unsuccessful, Rule 37 is not intended to permit the
petitioner to again present questions that were passed
upon on direct appeal. Hulsey v. State, 268 Ark. 312,
315, 595 S.W.2d 934, 936 (1980).

Following his request to proceed pro se, appellant agreed
to allow Mr. Kirk to stay on as his attorney, as
evidenced from his responses to the court. We note that
appellant was represented by other counsel at trial. As
stated above, appellant did express his desire for
counsel's help, and did not object to the mistrial nor to
counsel's handling of the issue. Counsel did state that
the request for a mistrial was made by the defense

12

> "because of the circumstances," and although appellant did state that the request was not forced by the defense, he acquiesced, given the possible prejudice. An appellant cannot agree with the trial court's ruling and then attack it on appeal. <u>Abshure</u>, <u>supra</u>.
>
> Moreover, counsel knew the potential prejudice appellant faced by being seen by the jury in prison garb, and felt a mistrial was the best way to remedy the situation and allow appellant more time to prepare for trial. Matters of trial tactics and strategy are not grounds for a claim of ineffective assistance of counsel. <u>Lee v. State</u>, 343 Ark. 702, 709, 38 S.W.3d 334, 339 (2001). Accordingly we affirm.

<u>Wilson v. State</u>, 2005 WL 852683 at 6.

I find the substantive claims regarding the granting of the mistrial are procedurally defaulted. In considering whether ineffective assistance of counsel should excuse the default, it makes no difference whether this court reviews the state court's finding regarding the ineffective assistance of counsel claim <u>de novo</u> or with the deference required in 28 U.S.C. § 2254(d), because I find the state court's resolution of the claim is neither incorrect under <u>Strickland</u>, nor unreasonable under <u>Williams v. Taylor</u>, 529 U.S. 362, 389 (2000). <u>See</u> <u>Clemons v. Luebbers</u>, 381 F.3d 744, 752 n.4 (8th Cir. 2004). Therefore I find counsel was not ineffective, such a claim does not constitute cause for the default of grounds two, three and four and those claims are procedurally barred. Since I found above that Petitioner is not entitled to the gateway exception, the court may not consider these grounds.

III.

Ground five is Petitioner's claim that the Drug Task Force officers engaged in a warrantless pretextual search of his home and the evidence obtained from it should have been suppressed.  The Supreme Court held in Stone v. Powell, 428 U.S. 465, 482 (1976), that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."

> It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under Stone.  "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded ... then Stone v. Powell precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity."

Lenza v. Wyrick, 665 F.2d 804, 808 (8th Cir. 1981).  Moreover, "[t]he Stone bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim." Id.  "To show that he was not afforded an opportunity for full and fair litigation of his claim, [a petitioner] would have to show that the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded from using that

14

mechanism because of an unconscionable breakdown in the underlying process.'" <u>Chavez v. Weber</u>, 497 F.3d 797, 802 (8th Cir. 2007), quoting <u>Willett v. Lockhart</u>, 37 F.3d 1265, 1271-72 (8th Cir. 1994)(<u>en banc</u>)(adopting test set forth in <u>Capellan v. Riley</u>, 975 F.2d 67, 71 (2nd Cir. 1992)) (quotation marks omitted and emphasis removed).   In Arkansas, criminal defendants may file a motion to suppress evidence under Rule 16 of the Arkansas Rules of Criminal Procedure.   Petitioner availed himself of that process and he does not contend the procedures set forth in the rule are inadequate to protect his Fourth Amendment rights.   He merely disagrees with the outcome.   Thus, I find <u>Stone</u> applies and the court may not consider ground five.


IV.

In ground six, Petitioner asserts he was subjected to double jeopardy when he was convicted of all three offenses because they all arose from the same factual circumstances, and he contends counsel was ineffective in failing to object on this basis. Petitioner raised these claims in his Rule 37 proceeding.   The Arkansas Court of Appeals refused to address his allegation of ineffective assistance of counsel because it was conclusory, and it found his convictions on all three charges did not violate the Double Jeopardy Clause.

The Double Jeopardy Clause in the United States Constitution prohibits "multiple punishments for the same offense."   Brown v. State of Ohio, 432 U.S. 161, 165 (1977), citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969).   However, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983).   "[W]here the same act or transaction constitutes a violation of two statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."   Blockburger v. United States, 284 U.S. 299, 304 (1932).   Federal habeas courts are bound by a state court's construction of its own statutes. Missouri v. Hunter, 459 U.S. at  368.   In his Rule 37 appeal, the Arkansas Supreme Court made the following findings as to Petitioner's double jeopardy claim:

> Appellant goes on to argue that his convictions for manufacturing methamphetamine, possessing methamphetamine with intent to deliver, and possessing drug paraphernalia with intent to manufacture methamphetamine violated his double-jeopardy rights because, as he claims, the latter two offenses are lesser-included offenses of the former.
>
> * * *
>
> [T]his court has held that a greater offense and its lesser-included offenses are considered the same for purposes of double jeopardy. See, e.g., Hughes v. State, 347 Ark. 696, 703, 66 S.W.3d 645, 648 (2002).

16

In <u>Cothren</u>, [344 Ark. 697 (2001)], this court held that possession of a controlled substance with intent to deliver is not a lesser-included offense of manufacturing a controlled substance, as the two offenses each require proof of an element not common to the other. 344 Ark. at 707, 42 S.W.3d at 549. Because we have rejected the same claim appellant now raises, we affirm the denial of relief. As for his claim that possessing drug paraphernalia with intent to manufacture methamphetamine is a lesser-included offense of manufacturing methamphetamine, we also find no merit.

In order to determine whether the double-jeopardy bar applies in the context of multiple punishments, we look to the case of <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which this court cited in <u>Cothren</u>. The "same-elements" test, commonly referred to as the " <u>Blockburger</u> " test, is as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.... [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

<u>Blockburger v. U.S.</u>, 284 U.S. at 304, 52 S.Ct. 180, 76 L.Ed. 306. The <u>Blockburger</u> test has been applied by this court, <u>Craig v. State</u>, 314 Ark. 585, 863 S.W.2d 825 (1993), and the Arkansas General Assembly has codified this constitutional protection at Ark.Code Ann. § 5-1-110 (Repl.1997)....

To be convicted of the offense of manufacturing a controlled substance, the statute requires the State to prove that appellant was "engaged in the production, preparation, propagation, compounding, conversion, or processing of a controlled substance." <u>Id.</u> at 706, 42 S.W.3d at 549 (citing Ark.Code Ann. § 5-64-101(m)). In order to be convicted of possession of drug paraphernalia with intent to manufacture methamphetamine, one must use or possess with intent to use, drug paraphernalia to

manufacture methamphetamine. <u>Cherry v. State</u>, 80 Ark.App. 222, 228-29, 95 S.W.3d 5, 9 (2003) (citing Ark.Code Ann. § 5-64-403(c)(5) (Supp.2001))

We cannot say that possession of drug paraphernalia with intent to manufacture can be established by proof of the same or less than all the elements required to establish the offense of manufacturing methamphetamine. As noted by the State, the former criminalizes the possession of the tools used in the manufacturing trade while the latter criminalizes the manufacturing process itself. Both offenses involve separate elements, and it is not necessary to prove one offense in order to prove another. Accordingly, we find no merit to appellant's claim, and affirm.

<u>Wilson v. State</u>, 2005 WL 852683 at 7 -8. I do not find the state court's resolution of this question was unreasonable under <u>Williams</u>. Given this finding, Petitioner cannot establish he was prejudiced by counsel's failure to raise the issue in the trial court or on direct appeal. Petitioner is not entitled to relief on ground six.


V.

In ground seven, Petitioner asserts that, during sentencing, the State sought to enhance his sentence under Arkansas' Habitual Offender statute, Ark. Code Ann. § 5-4-501. He contends the State alleged he had previously been convicted of four felonies but, in order to inflame the jury, the prosecutor presented evidence of seven prior convictions, and his attorney was ineffective for failing to object. The Arkansas Court of Appeals addressed this issue in Petitioner's Rule 37 appeal, finding as follows:

18

According to appellant, pursuant to <u>Clinkscale v. State</u>, 269 Ark. 324, 602 S.W.2d 618 (1980), because the information alleged that he had been convicted of four felonies, counsel should have objected to the State's introduction of the additional felonies for purposes of sentencing enhancement. In <u>Clinkscale</u>, appellant was convicted of theft of property and sentenced to ten years' imprisonment. <u>Id.</u> at 324, 602 S.W.2d at 619. The information alleged that he had been convicted of "two or more" prior felonies, and asked that the sentence be increased pursuant to then Ark. Stat. Ann. § 41-1001 (Repl.1977). <u>Clinkscale</u>, 269 Ark. at 619, 602 S.W.2d at 324-25. Clinkscale argued that the trial court was wrong in sentencing him because it considered prior convictions not alleged in the information. On appeal, this court reversed and remanded, holding that pursuant to an information alleging "two or more" convictions, no more than two convictions could be admitted against Clinkscale for the purpose of increasing his sentence. <u>Id.</u> at 326, 602 S.W.2d at 619. Moreover, this court held that "[a]llegations of prior convictions are just like essential elements of a crime, only those that are alleged can be used." <u>Id.</u> (citing <u>Finch v. State</u>, 262 Ark. 313, 556 S.W.2d 434 (1977)). However, appellant's reliance on Clinkscale is unavailing.

In the case of <u>Malone v. State</u>, 292 Ark. 243, 729 S.W.2d 167 (1987), this court took the opportunity to clarify the distinctions between "more than two" and "two or more" prior offenses. According to this court:

> For the purposes of the application of the enhancement statute, we hold that there is no distinction between "two or more" and "more than two," or "four or more" and "more than four."

> The statute controlling the appellant's case is set out above. The second and fourth finding of prior guilt or conviction places the defendant in a higher range for the purpose of enhancement of punishment. It would be error to allow the state to prove "four or more" priors when the information charges the defendant with only "two or more" felonies because a more severe range of punishment for the offense is invoked when four or more priors are established. When the state alleges

> "two or more" prior felonies, the accused is
> justified in believing that he will not have
> to face the introduction of "four or more"
> prior convictions at trial. On the other hand,
> if the state alleges "four or more," there is
> no limit to the number which may be proven.

Id. at 247-48, 729 S.W.2d 167, 729 S.W.3d at 169-70.
(Emphasis added.)

As noted by the State, to the extent that appellant
suggests that the additional three convictions are what
subjected him to the possibility of a higher sentence, he
is incorrect. Evidence that a person has previously been
convicted of at least four felonies is sufficient to
subject that person to an extended period of
imprisonment. See Ark.Code Ann. § 5-4-501(b)(1)(A)
(Repl.1997). Moreover, appellant has failed to
demonstrate prejudice as he received less than the
maximum sentence on each conviction.

"A defendant who has received a sentence less than the
maximum sentence for the offense cannot show prejudice
from the sentence itself." State v. Franklin, 351 Ark.
131, 142, 89 S.W.3d 865, 870 (2002) (citing Buckley v.
State, 349 Ark. 53, 76 S.W.3d 825 (2002)). In the instant
case, appellant was convicted of manufacturing
methamphetamine, possessing methamphetamine with intent
to deliver, and possessing drug paraphernalia with intent
to manufacture methamphetamine. The amended information
alleged that he had been convicted of four felony
offenses. The State introduced an additional three
felonies to prove that appellant was subject to an
extended term of imprisonment. Accordingly, he was
subject to a term of not less than ten years nor more
than life on his Class Y felonies, see Ark.Code Ann. §
5-4-501(b)(2)(A) (Repl.1997), and to a term of not less
than five nor more than forty years on his Class B
felony. See Ark.Code Ann. § 5-4-501(b)(2)(C) (Repl.1997).
Appellant received two, forty-year terms of imprisonment
on his Class Y felonies and a thirty-year term on his
Class B felony, to be served concurrently. All of these
sentences were less than the maximum sentence.
Accordingly, appellant cannot show that he was prejudiced
by counsel's failure to object to the introduction of the
additional felonies. Without a showing of prejudice, one
cannot succeed on a claim of ineffective assistance.

_Wilson v. State_, 2005 WL 852683 at 9 -10.  Petitioner has not cited

to any U. S. Supreme Court precedent governing this issue, and

therefore he has not shown he is entitled to relief under _Williams_.

Given the state court's resolution of the issue, I cannot find he

was prejudiced by counsel's failure to raise the claim at trial.

Petitioner is not entitled to relief on ground seven.


                                VI.

      In ground eight, Petitioner alleges he was subjected to double

jeopardy in that he was criminally prosecuted after suffering civil

penalties based on the same factual circumstances and that counsel

was ineffective.   In his Rule 37 appeal, the Arkansas Court of

Appeals made the following findings:

> Appellant's final claim involves an _in_ _rem_ civil
> forfeiture proceeding against his property. The State
> filed an _in_ _rem_ complaint for the forfeiture of money and
> a firearm seized from appellant. The parties reached a
> settlement, and an agreed order was entered. Appellant
> now claims that his subsequent criminal conviction
> violates his double-jeopardy rights because of the prior
> civil forfeiture order and also that counsel was
> ineffective for failing to make an objection raising this
> issue. In denying relief on appellant's Rule 37 claim,
> the trial court ruled that appellant's claim was not
> subject to postconviction review. Again, we cite
> _Rowbottom_ for the proposition that appellant may raise
> claims of double jeopardy for the first time in
> postconviction proceedings. However, we find no merit to
> either claim.
>
> In affirming, we look to this court's holding in _Sims v._
> _State_, 326 Ark. 296, 930 S.W.2d 381 (1996). At issue in
> _Sims_ was whether the State was attempting to punish Sims
> twice for the same offense in violation of the Double
> Jeopardy Clause. _Id._ at 297, 930 S.W.2d 381, 930 S.W.2d

                                21

at 381. In <u>Sims</u>, the State filed a forfeiture action in rem against $8,603.96, under authority of Ark.Code Ann. § 5-64-505 (Repl.1993). <u>Sims</u>, 326 Ark. at 297-98, 930 S.W.2d at 382. Later in Sims's criminal case, he pleaded guilty to possession of a controlled substance with intent to deliver, and was sentenced. Sims filed a motion to dismiss the <u>in</u> <u>rem</u> civil action claiming that it violated the Double Jeopardy Clause to forfeit his money after he had been sentenced for the same criminal offense. The trial court denied Sims's motion, and ordered the money forfeited. <u>Id.</u> at 298, 930 S.W.2d at 382.

On appeal, this court cited the United States Supreme Court's decision in <u>United States v. Ursery</u>, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), which settled the question of whether civil forfeitures violate the "multiple punishment" prong of the Double Jeopardy Clause. <u>Sims</u>, 326 Ark. at 298, 930 S.W.2d at 382. The following is this court's analysis of <u>Ursery</u>:

> In <u>Ursery</u> the Court held that civil forfeitures did not impose "punishment" for double jeopardy purposes and that an in rem civil forfeiture is not an additional penalty for the commission of a criminal act, but rather is a separate civil action that is remedial in nature. The heart of the holding is that a two-part test must be used to determine whether a forfeiture is "punishment" for double jeopardy purposes. That test first asks whether the General Assembly intended the particular statute at issue to be a remedial civil sanction or a criminal penalty, and second, whether the forfeiture proceedings are so punitive in fact as to establish that they may not legitimately be viewed as civil in nature, despite any legislative intent to establish a civil remedial mechanism.

<u>Sims</u>, 326 Ark. at 298, 930 S.W.2d at 382. In response to the first part of the test, this court held that because the suit was filed under the <u>in</u> <u>rem</u> provisions of the statute, the suit was filed against the money, the statute provides that notice to an individual is not necessary in all instances, and because the burden of proof was governed by the rules of civil procedure, the statute was applied as a civil sanction, and had "none of

22

the makings of punishment." Id. at 299, 930 S.W.2d 381, 930 S.W.2d at 383. When looking at the second part of the test, this court held:

> Forfeiture proceedings against property used to commit drug violations encourages owners to take care of property and ensures that it is not used in the drug trade. Forfeiture of property prevents illegal uses by imposing an economic penalty, thereby rendering illegal behavior unprofitable. Finally, to the extent that the statute applies to the proceeds of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts. See United States v. Ursery, 116 S.Ct. at 2149.

Sims, 326 Ark. at 299, 930 S.W.2d at 383. According to Sims, the in rem civil forfeiture was neither "punishment" nor criminal for purposes of double jeopardy. Id. at 299-300, 930 S.W.2d 381, 930 S.W.2d at 383.

Applying Sims to the instant case, we hold that the forfeiture of appellant's property was not a punishment; therefore, his subsequent criminal convictions did not violate his double-jeopardy protections.

Wilson v. State 2005 WL 852683 at 10 -11.

Petitioner has submitted the forfeiture complaint, which he argues establishes the state proceedings against him were in personam, apparently referring to the following paragraph in the complaint:

> This court has subject matter jurisdiction over this action pursuant to A.C.A. 5-64-505, jurisdiction over the property, pursuant to A.C.A. 5-64-505, and personal jurisdiction over Charles E. "Tubby" Wilson.

Complaint, p. 1, attached to Petitioner's Reply.

This is a jurisdictional statement, which merely provides that, in addition to in personam jurisdiction over Petitioner, the court had in rem jurisdiction over the property sought to be forfeited.  Petitioner has not shown the state court's resolution of the issue is an unreasonable application of Ursery under Williams, and he is not entitled to relief on ground eight.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 17th day of September, 2008.

Henry L. Jones, Jr.
United States Magistrate Judge